## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

David Zimmerman,

       Plaintiff,

   v.                                   **ORIGINAL COMPLAINT**
                                          **(JURY TRIAL DEMANDED)**

SkyWest Airlines, Inc.


       Defendant.

## COMPLAINT

Plaintiff David Zimmerman ("Mr. Zimmerman"), by and through his undersigned counsel, sues SkyWest Airlines, Inc. ("Defendant"), and states as follows:

## PRELIMINARY STATEMENT

In October 2019, Defendant hired Mr. Zimmerman as a parttime ramp agent at its Devils Lake Regional Airport location in Devils Lake, North Dakota. Mr. Zimmerman is deaf and communicates by using American Sign Language, speaking, and some speech reading the lips of others. After two months of training and nearly one month of working multiple shifts at Defendant, Mr. Zimmerman demonstrated that he could successfully execute the ramp agent duties with minimal accommodation to his hearing loss. In November 2019, Mr. Zimmerman requested that Defendant provide closed captioning for him to access Defendant's training videos. When the request for accommodation reached Defendant's headquarters, it immediately retaliated against him by requiring that he submit

1

medical information about his hearing loss, engaging in a protracted investigation into his ability to perform the duties of ramp agent, and ultimately, terminating Mr. Zimmerman from his position solely based on his disability.

Defendant unfairly discriminated against Mr. Zimmerman and retaliated against Mr. Zimmerman for requesting reasonable accommodation to its training videos. Defendant further retaliated against Mr. Zimmerman for his complaints of discrimination by terminating his position. Defendant acted in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* the Americans with Disabilities Act, 42 U.S.C. § 12203, *et seq.,* and the North Dakota Human Rights Act, N.D.C.C. § 14-02.4-01 *et seq.* Plaintiff seeks declaratory relief, injunctive relief, past and future lost wages and benefits, equitable damages, compensatory damages, punitive damages, and attorneys' fees and litigation costs.

## **JURISDICTION**

1.     This action arises under the Americans with Disabilities Act, 42 U.S.C. §12117, *et seq.* ("ADA"). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Mr. Zimmerman invokes the supplemental jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1367 to hear his state law claims under the North Dakota Human Rights Act, N.D.C.C. § 14-02.4-01 *et seq.* ("NDHRA").

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (i) Defendant has sufficient contacts within this District to subject it to personal jurisdiction

at the time this action is commenced; and (ii) the acts and omissions giving rise to this Complaint occurred within this District.

## **PARTIES**

4.      Mr. Zimmerman is a deaf individual and a resident of North Dakota.

5.      Defendant SkyWest Airlines is an airline, owned by SkyWest Inc., that, *inter alia*, has a business presence at Devils Lake Regional Airport and employs more than 15 individuals for its airline and services that it provides at the Devils Lake Regional Airport in Devils Lake, North Dakota.

## **MR. ZIMMERMAN'S COMPLIANCE WITH ADMINISTRATIVE PRE-REQUISITES**

6.      Mr. Zimmerman has  timely complied  with  all conditions precedent to jurisdiction under the ADA 42 U.S.C. §12117 and the N.D.C.C. § 14-02.4-19.

7.      On June 23, 2020, Mr. Zimmerman filed his Charge of Discrimination at the Equal Employment Opportunity Commission ("EEOC" charge number 444-2020-01604) which was cross-filed and investigated by the North Dakota Department of Labor and Human Rights ("NDDLHR" File No. NDE-20-12274) on July 7, 2020.

8.      On August 2, 2021, the North Dakota Department of Labor and Human Rights found that Defendant had discriminated against Mr. Zimmerman based on disability in violation of N.D.C. C. ch. 14-02.4 and the Americans With Disabilities Act of 1990, as amended.

9.      In particular, the NDDLHR found that, **"[Defendant]'s reasons for its actions are discriminatory, not believable, and not business related."**

10.    On January 18, 2022, the NDDLHR issued Mr. Zimmerman a "Right-to-Sue" letter.

11.    On February 23, 2022, the U.S. Equal Employment Opportunity Commission (EEOC) issued Mr. Zimmerman his "Right-To-Sue" letter, allowing Mr. Zimmerman to pursue his private right of action.

## FACTUAL ALLEGATIONS

12.    Mr. Zimmerman is deaf. He is substantially limited in the major life activities of hearing and communication.

13.    Mr. Zimmerman relies on English and American Sign Language ("ASL") to receive and understand communication. Mr. Zimmerman expresses communication through writing, texting, using his voice, and signing in ASL.

14.    At all times material, Mr. Zimmerman was and is deaf and is an "individual with a disability" because he is substantially limited in the major life activity of hearing. Mr. Zimmerman is a "qualified individual with a disability" as  defined in  the ADA, because he met all of the requirements of Defendant's ramp agent position.

15.    On October 3, 2019, Defendant hired Mr. Zimmerman as a ramp agent for its Devils Lake Regional Airport location.

16.    At the time of his interview, Mr. Zimmerman told Defendant's local Devils Lake management of his deafness, use of hearing aids, need for closed captions, and reliance on speech reading for some in-person communications.

17.    In October 2019, Defendant employed other ramp agents with hearing loss that used hearing aids to assist with hearing.

18.     As part of the training program for ramp agents, Defendant required new employees to take computer-based trainings (CBTs).  The CBTs are online training modules accessed on a computer that includes pictures, slides, and oral narration by an unseen narrator.

19.     Some of Defendant's CBT modules were not enabled with closed-captioning and were inaccessible to Mr. Zimmerman.

20.     On or about November 6, 2020,  Mr. Zimmerman asked his supervisor to supply closed captioning for the CBTs he could not understand so that he could complete Defendant's training requirements as a Ramp Agent.

21.     On approximately November 15, 2020, Mr. Zimmerman told Defendant that the CBTs were still not captioned and that he could not understand the modules to complete the examination successfully.

22.     Because of Defendant's failure to provide captioning for the CBT modules, Mr. Zimmerman failed the CBT examination twice.

23.     Mr. Zimmerman asked his supervisor if there were alternative ways for him to access the CBTs.

24.     Upon information and belief, Mr. Zimmerman's supervisor sent the request for closed captioning or an alternative method for accessing the CBT to Defendant's headquarters in Utah, who had not yet been made aware of Mr. Zimmerman's disability.

25.     After Defendant provided the CBTs in accessible format, Mr. Zimmerman successfully passed the CBT examination.

26.     From approximately November 18, 2020 to January 16, 2020, Mr. Zimmerman worked for Defendant as a ramp agent at the Devils Lake Regional Airport.

27.     During this time, Mr. Zimmerman safely and successfully communicated with coworkers and executed all of his job duties as a ramp agent with minimal reasonable accommodation.

28.     From approximately November 18, 2020 to January 16, 2020, Mr. Zimmerman met or exceeded Defendant's expectations when performing his duties as a ramp agent.

### Defendant retaliates against Plaintiff for requesting accommodation

29.     Upon learning of his disability, Defendant's Employee Relations Manager at its Utah corporate headquarters ordered Mr. Zimmerman to complete a medical information form.

30.     Upon information and belief, neither Mr. Zimmerman nor Defendant's North Dakota management requested or believed it was necessary to further engage in an interactive process regarding any reasonable accommodation request for Mr. Zimmerman's ramp agent duties.

31.     On January 8, 2020, Mr. Zimmerman's audiologist completed Defendant's Employee Relations Manager's requested medical information form.

32.     On January 16, 2020, Defendant placed Mr. Zimmerman on administrative leave to investigate Mr. Zimmerman's demonstrated ability to successfully perform as a ramp agent.

33.     On January 30, 2020, Mr. Zimmerman met with two of Defendant's local management from the Devil's Lake Regional airport.  Mr. Zimmerman asked why he was placed on administrative leave and stated that he believed he was being discriminated against based on his disability.

34.     On January 30, 2020, Defendant's Human Resource Manager said that she believed Mr. Zimmerman could not fulfill his essential functions because of his hearing loss.

35.     On January 30, 2020, Mr. Zimmerman asked Defendant's management if there had been any complaints or concerns raised about his work performance, to which Defendant's management replied, "no."

36.     On January 30, 2020, Mr. Zimmerman asked Defendant's management if they had any concerns about his ability to perform as a ramp agent, to which Defendant's management replied, "no."

37.     On or about February 3 and 4, 2020, Mr. Zimmerman's audiologist met by phone with Defendant's Corporate Employee Relations Manager. Mr. Zimmerman's audiologist recommended accommodations to satisfy Defendant's fears.  The audiologist recommended that Mr. Zimmerman use his hearing aids and a head lamp when he is working in the dark.

38.     On February 6, 2020, Mr. Zimmerman met with Defendant by phone. Defendant stated that they had "safety concerns" because Mr. Zimmerman could not hear. Defendant stated that it wanted an audiologist to do an onsite assessment.

39.     On February 21, 2020 Mr. Zimmerman's audiologist requested that Defendant clarify its intent and purpose of the onsite observation because Mr. Zimmerman's new hearing aids greatly helped his work even "with noise protecting earmuffs when in excessive noise" areas.

40.     Defendant did not respond to Mr. Zimmerman's audiologist's request for clarification for why it was asking him to appear onsite for an evaluation of the ramp agent position.

41.     Defendant did not complete an onsite assessment by any audiologist to evaluate or address Defendant's unfounded "safety concerns."

42.     On March 19, 2020, Defendant terminated Mr. Zimmerman solely because he is deaf.

43.     Defendant relied upon unfounded fear that Mr. Zimmerman's disability may create a safety hazard as a ramp agent.

44.     Defendant discriminated against Mr. Zimmerman by making a baseless and biased determination that Mr. Zimmerman was unable to perform the essential functions of the ramp agent position.

45.     Defendant did not make a good faith effort to fulfill its own request that an audiologist conduct an on-site evaluation of the ramp agent working conditions, when it terminated Mr. Zimmerman without conducting an on-site inspection.

46.     Defendant engaged in deliberate and malicious intent to discriminate against him based on Mr. Zimmerman's disability.

## COUNT I: FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT

47.   Mr. Zimmerman repeats and realleges all preceding paragraphs and they are incorporated herein.

48.   Mr. Zimmerman is substantially limited in the major life activities of hearing and is therefore an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

49.   Defendant engages in an industry affecting commerce and who has 15 or more employees working each day for at least 2 calendar weeks of the current or preceding calendar year; therefore, Defendant is an "employer" as defined and applied by the ADA, 42 U.S.C. §§ 12111, 12112 *et seq.*

50.   Defendant owns, operates, and manages SkyWest Airlines at Devils Lake Regional Airport in Devils Lake, North Dakota.

51.   Mr. Zimmerman was employed by Defendant; therefore, Mr. Zimmerman was an "employee" as defined and applied by the ADA, 42 U.S.C. §§ 12111, 12112 *et seq.*

52.   As described in the facts set forth above, with or without the reasonable accommodation of closed captioning or continued use of hearing aids and head lamp, Mr. Zimmerman could have continued to perform the essential functions of a Ramp Agent; therefore, he is a "qualified individual" as defined and applied by the ADA, §§ 12111, 12112 *et seq.*

53.     ADA § 12112 prohibits employers from not "making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability . . ." in places of employment.

54.     As described in the facts set forth above, Defendant failed to provide reasonable accommodations to Mr. Zimmerman in consideration of his physical disability when it did not provide appropriate closed captioning in its computer-based training program and refused to allow the use of adequate hearing aids occasionally a head lamp in the dark in violation of the ADA, 42 U.S.C. §§ 12111, 12112 *et seq.*

55.     As described in the facts set forth above, Mr. Zimmerman could have continued to perform the essential functions of a ramp agent with the above reasonable accommodation.

56.     Therefore, Defendant failed to provide Mr. Zimmerman reasonable accommodations in light of Mr. Zimmerman's qualifications and performance as a ramp agent despite his physical disability and in violation of the ADA, 42 U.S.C. §§ 12111, 12112 *et seq.*

## COUNT II: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

57.     Plaintiff repeats and realleges all foregoing paragraphs in support of this claim.

58.     Mr. Zimmerman is substantially limited in the major life activities of hearing and is therefore an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

59.     Defendant engages in an industry affecting commerce and who has 15 or more employees working each day for at least 2 calendar weeks of the current or preceding calendar year; therefore, Defendant is an "employer" as defined and applied by the ADA, 42 U.S.C. §§ 12111, 12112 *et seq.*

60.     Defendant owns, operates, and manages SkyWest Airlines at Devils Lake Regional Airport in Devils Lake, North Dakota.

61.     Mr. Zimmerman was employed by Defendant; therefore, Mr. Zimmerman was an "employee" as defined and applied by the ADA, 42 U.S.C. §§ 12111, 12112 *et seq.*

62.     As described in the facts set forth above, with or without the reasonable accommodation of closed-captioning and continued use of hearing aids and occasionally a head lamp in the dark, Mr. Zimmerman could have continued to perform the essential functions of a ramp agent; therefore, he is a "qualified individual" as defined and applied by the ADA, §§ 12111, 12112 *et seq.*

63.     Defendant relied upon unfounded fear that Mr. Zimmerman's disability may create a safety hazard as a ramp agent.

64.     Defendant discriminated against Mr. Zimmerman by making a baseless  and biased determination that Mr. Zimmerman was unable to perform the essential functions of the Ramp Agent position.

65.     Defendant did not make a good faith effort to complete the interactive process and fulfill its own request that an audiologist conduct an on-site evaluation of the ramp agent working conditions, when it terminated Mr. Zimmerman without conducting an on-site inspection.

66.     As described in the facts set forth above, Defendant discriminated against Mr. Zimmerman when it failed to allow him to work as a ramp agent solely because he was deaf in violation of the ADA §§ 12111, 12112 *et seq*.

67.     Defendant failed to provide reasonable alternative employment, in lieu of Ramp Agent, for which Mr. Zimmerman is qualified in violation of ADA, §§ 12111, 12112 *et seq.*

## COUNT III: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

68.     Plaintiff repeats and realleges all foregoing paragraphs in support of this claim.

69.     As described in the facts set forth above, at the time of his termination Mr. Zimmerman attempted to pursue reasonable accommodations as is his right under the ADA §§ 12111.

70.     Mr. Zimmerman opposed a practice made unlawful by the ADA when he asked for closed captioning and Defendant began to investigate his disability, unsolicited, and with retaliatory motive, made him undergo extensive scrutiny and ultimately termination, solely because he asked for closed captioning for his training.

71.     Mr. Zimmerman engaged in the protected activity of alleging discrimination and failure to accommodate and participated in the interactive process with Defendant.  As a result, Mr. Zimmerman suffered the adverse action of involuntary termination.

72.     As a direct result of Mr. Zimmerman's request for reasonable accommodation of closed captioning, he was placed on administrative leave.

73.     As described in the facts set forth above, Defendant terminated his employment in retaliation of Mr. Zimmerman's this good faith effort to determine a reasonable accommodation for his work as a Ramp Agent or alternative positions of employment; Mr. Zimmerman's actions are protected under 42 U.S. Code § 12203 *et seq*.

74.     Therefore, Defendant retaliated against Mr. Zimmerman by terminating his employment in response to a good faith effort of seeking reasonable accommodation in violation of the 42 U.S. Code § 12203 *et seq.*

75.     As a direct result of Mr. Zimmerman engaging in the interactive process and alleging disability discrimination, Defendant terminated his position.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER THE NORTH DAKOTA HUMAN RIGHTS ACT

76.     Plaintiff repeats and realleges all foregoing paragraphs in support of this claim.

77.     Mr. Zimmerman is substantially limited in the major life activities of hearing is therefore an individual with a disability within the meaning of the NDHRA, N.D.C.C. § 14-02.4-02.

78.     Mr. Zimmerman was employed by Defendant and resides and works in the state of North Dakota; therefore, Mr. Zimmerman was an "employee" as defined and applied by the NDHRA, N.D.C.C. §§ 14-02.4-02, 14-02.4-03 *et seq.*

79.     Defendant employs one or more employees for more than one quarter of the year whose services are partially or wholly performed within the state of North Dakota;

therefore, Defendant is an "employer" as defined and applied by the NDHRA, N.D.C.C. §§ 14-02.4-02, 14-02.4-03 *et seq.*

80.   Defendant owns, operates, and manages SkyWest Airlines at Devils Lake Regional Airport in Devils Lake, North Dakota.

81.   As described in the facts set forth above, Mr. Zimmerman could have continued to perform the essential functions of a Ramp Agent; therefore, he is an "otherwise qualified individual" as defined and applied by the NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

82.   NDHRA § 14-02.4-03 prohibits employers from "failing to make or refusing a reasonable accommodation for an otherwise qualified individual with a physical [] disability . . ." in places of employment.

83.   As described in the facts set forth above, Defendant failed to provide reasonable accommodations to Mr. Zimmerman in consideration of his physical disability when it did not provide appropriate reasonable accommodation in violation of the NDHRA, N.D.C.C. §§ 14-02.4-02, 14-02.4-03 *et seq.*

84.   As described in the facts set forth above, Mr. Zimmerman could have continued to perform the essential functions of a Ramp Agent with or without reasonable accommodation.

85.   Therefore, Defendant failed to provide Mr. Zimmerman reasonable accommodation to Mr. Zimmerman's disability in violation of the NDHRA, N.D.C.C. §§ 14-02.4-02, 14-02.4-03 *et seq.*

## COUNT V: DISCRIMINATION IN VIOLATION OF THE NORTH DAKOTA HUMAN RIGHTS ACT

86.     Plaintiff repeats and realleges all foregoing paragraphs in support of this claim.

87.     As described in the facts set forth above, Defendant treated Mr. Zimmerman disparately when it did not offer accessible training and did not allow him to continue in his position solely because he was disabled in violation of the NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

88.     As described in the facts set forth above, Defendant discriminated against Mr. Zimmerman when it treated Mr. Zimmerman differently and relied on biases and unverified and unsubstantiated fears based on his disability in violation of the NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

89.     As described in the facts set forth above, Defendant discriminated against Mr. Zimmerman when it failed to reasonably accommodate Mr. Zimmerman in his role as Ramp Agent, for which Mr. Zimmerman is qualified in violation of NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

90.     As described in the facts set forth above, Defendant discriminated against Mr. Zimmerman when it terminated his employment solely based on his disability in violation of the NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

91.     Therefore, Defendant discriminated against Mr. Zimmerman based on disability in violation of the NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

## COUNT VI: RETALIATION IN VIOLATION OF THE NORTH DAKOTA HUMAN RIGHTS ACT

92.     Plaintiff repeats and realleges all foregoing paragraphs in support of this claim.

93.     As described in the facts set forth above, at the time of his termination Mr. Zimmerman attempted to pursue reasonable accommodations as is his right under the NDHRA, §§ 14-02.4-02, 14-02.4-03 *et seq.*

94.     As described in the facts set forth above, Defendant's corporate human resources started an uninvited investigation into his disability and duties as a Ramp Agent and eventually terminated his employment in retaliation of Mr. Zimmerman's request for reasonable accommodation to Defendant's trainings.   Mr. Zimmerman's actions are protected under NDHRA § 14-02.4-02, 14-02.4-18 *et seq.*

95.     Mr. Zimmerman opposed Defendant's discriminatory questioning and investigation of his abilities to perform as a Ramp Agent and his opposition is protected under  NDHRA § 14-02.4-02, 14-02.4-18 *et seq.*

96.     Defendant retaliated against Mr. Zimmerman by terminating his employment in response to his request for reasonable accommodation and allegations of discrimination in violation of the NDHRA, 14-02.4-18 *et seq.*

## RELIEF

WHEREFORE, Plaintiff David Zimmerman respectfully requests that this Court provide the following relief:

(a) Issue a declaration that Defendant's policies, procedures, and practices have
subjected Plaintiff to discrimination in violation of the Americans with Disabilities
Act and the North Dakota Human Rights Act;

(b) Issue injunctive relief by directing Defendant to change its policies and practices
in denying deaf individuals from performing as a ramp agent at its Devils Lake
Airport location and to reinstate Mr. Zimmerman as ramp agent.

(c) Award actual damages for back pay and benefits and future lost pay and benefits;

(d) Award equitable relief and damages;

(e) Award compensatory damages for physical and emotional harm and distress;

(f) Award punitive damages;

(g) Award reasonable costs and attorneys' fees;

(h) Award any other relief as this Court deems appropriate.

Respectfully submitted,

Dated: March 11, 2022           s/*Heather M. Gilbert*
                                 Heather M. Gilbert
                                 Gilbert Law PLLC
                                 4856 Banning Avenue
                                 St. Paul, MN 55110
                                 T: (651) 340-9642
                                 F: (651) 344-0835
                                 heather@gilberlawpllc.com


                                 *Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff David Zimmerman, through his undersigned attorney, hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: March 11, 2022

s/*Heather M. Gilbert*
Heather M. Gilbert
Gilbert Law PLLC
4856 Banning Avenue
St. Paul, MN 55110
T: (651) 340-9642
F: (651) 344-0835
heather@gilberlawpllc.com

*Attorney for Plaintiff*